IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B ADAMS                                        PLAINTIFF
*d/b/a* Majestic Publishers
     v.                           CIVIL NO. 12-3092

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                      DEFENDANT

### MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff has submitted a complaint for filing in this district, together with a request for

leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. After review, it is found that

Plaintiff this month submitted the filings below, together with motions for leave to proceed IFP:

1. 12-3076  Dale B Adams v. E.E.O.C.        filed 7/2/2012[1]

2. 12-3077  Dale B Adams v. U.S.D.A.        filed 7/2/2012

3. 12-3078  Dale B Adams v. U.S.D.O.L.      filed 7/2/2012

4. 12-3083  Dale B Adams v. U.S.D.O.J.      filed 7/6/2012

5. 12-3092  Dale B Adams v. Michael J. Astrue  filed 7/20/2012

Additionally, Plaintiff has the following civil suits in process and was granted IFP in each

of the following:

1. 10-3117  Dale B Adams v. U.S.D.O.J        filed 12/7/2010 (stayed)

2. 10-3120  Dale B Adams v. U.S.D.A.         filed 12/10/2010

3. 11-3043  Dale B Adams v. US.D.O.L.        filed 6/20/2011

4. 11-3020  Dale B Adams v. E.E.O.C.         filed 3/11/2011

An indigent plaintiff must conform to the requirements of 28 U.S.C. § 1915 in requesting

---

[1] As of the date of opinion, Plaintiff was directed to either make payment or submit a filing fee by 7/19/12 - which he has yet to do. 3:12-cv-03076, ECF No.2.

leave to proceed *in forma pauperis*, including his "representations of poverty, a statement of the case, and his belief that he is entitled to redress." *Coppedge v. United States*, 369 U.S. 438, 441-442 (1962).   These provisions apply to all *in forma pauperis* litigants, whether or not incarcerated.  *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997). Section 1915(e)(2) provides that the court may dismiss a case "at any time" if it determines that the complaint fails to state a claim on which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).  An appeal may not be taken *in forma pauperis* if "the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  "Good faith" is judged by an objective standard.  *Coppedge*, 369 U.S. at 444.  A defendant's good faith in an appeal is demonstrated when he seeks appellate review of any issue not frivolous. *Id*. at 444-45.  If an *in forma pauperis* appeal is attempted for reasons that may genuinely be characterized as the litigant's "bad faith," express authority exists in 28 U.S.C. § 1915(e) to dismiss the cause as frivolous.  *Id*.

If a plaintiff has a long history of bringing unmeritorious litigation, the court can consider that fact in dismissing a claim. The Supreme Court has a long-standing policy to "discourage frivolous and malicious *in forma pauperis* filing 'particularly [from] those few persons whose filings are repetitive with the obvious effect of burdening the office fo the Clerk and other members of the Court staff.'" *Zatko v. California*, 502 U.S. 16 (1991) (15 filings in two years) (citing *In re Amendment to Rule 39*, 500 U.S. 13 (1991); *See also In re McDonald*, 489 U.S. 180 (1989) (8th petition for leave to proceed *in forma pauperis* denied as frivolous)).  For example, the Supreme Court held the filing of fifteen *in forma pauperis* writ of certiorari petitions in noncriminal matters in a two-year window constitutes frivolous filing and precluded the plaintiff

AO72A
(Rev. 8/82)

from such "abusive" future filings.  *Martin v. District of Columbia Court of Appeals*, 506 U.S.

1 (1992).  Likewise, the Supreme Court denied leave to proceed *in forma pauperis* to a plaintiff

who had filed and requested to proceed *in forma pauperis* twenty-seven times over nine years.

*Day v. Day*, 510 U.S. 1, 2 (1993).

From July 2 - July 20, Plaintiff has filed five suits, naming five separate governmental

agencies, and asked to proceed *in forma pauperis* in each case.  These filings are in addition to

the four proceedings Plaintiff is currently involved with, again with four different governmental

agencies, while already proceeding IFP.  This brings Plaintiff's total count of open cases in this

district to nine.  Based on the sheer number of Plaintiff's filed cases and the clear policy of the

Supreme Court to discourage such "abusive"voluminous filing, the undersigned finds Plaintiff's

request to proceed *in forma pauperis* is frivolous.

Accordingly, the undersigned recommends that Plaintiff's IFP application be denied and

he be ordered to tender the filing fee of $350.00.  **The parties have <u>fourteen</u> days from receipt**

**of this Report and Recommendation in which to file written objections pursuant to 28**

**U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right**

**to appeal questions of fact.  The parties are reminded that objections must be both timely**

**and specific to trigger de novo review by the district court**.

ENTERED this 25ᵗʰ day of July 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

AO72A
(Rev. 8/82)